UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNIE L. COUSIN** <br> **(DOC# 89334)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, WARDEN,** <br> **ET AL** | **NO. 08-553-B-M2** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 16, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE L. COUSIN<br>(DOC# 89334) | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, WARDEN,<br>ET AL | NO. 08-553-B-M2 |

### MAGISTRATE JUDGE'S REPORT

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. The pro se petitioner, Ronnie L. Cousin ("petitioner"), an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, challenges a disciplinary board action issued by prison personnel on March 3, 2008, which action resulted in his being found guilty of prison rule violations and which resulted in his being sentenced indefinitely to extended lockdown/segregation and to a loss of thirty (30) days of good time.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies. <u>McGee v. Estelle</u>, 722 F.2d 1206 (5th Cir. 1984)(<u>en banc</u>). Without reaching the merits of petitioner's claims in this case, it appears clear from a review of the record that he has not exhausted his state court remedies as mandated by federal statute. Specifically, although petitioner contends he has exhausted his administrative remedies relative to his claims by presenting them to the "Disciplinary Appeals Board of Angola Prison," he has not alleged or demonstrated that he has presented his claims to any of Louisiana's state courts. Accordingly, because petitioner has not yet exhausted his claims through the Louisiana state court system, his present habeas petition should be dismissed without prejudice.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Ronnie L. Cousin, should be **DISMISSED WITHOUT PREJUDICE** to later application upon exhaustion of state court remedies.

Signed in chambers in Baton Rouge, Louisiana, January 16, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**